**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2013, 7:30 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. HOUDEK**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRANDON WHITE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1304-CR-188 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara L. Crawford, Judge
Cause No. 49F09-1208-FD-44978

**December 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Brandon White ("White") appeals his conviction for Criminal Recklessness, as a Class D felony,[1] presenting the sole issue of whether the trial court abused its discretion by refusing his tendered instruction on the defense of accident. We affirm.

## Facts and Procedural History

During the evening of June 10, 2012, a group of friends visited Angela Knox ("Knox") at the Hawthorne Apartments in Indianapolis. White made a sexually-oriented comment to another guest, Shattanza Johnson ("Johnson") and a heated argument ensued. Jasmine Smith ("Smith") left to sit in Johnson's vehicle and conduct a telephone conversation.

About an hour later, White was leaving the gathering but Knox and Johnson followed him to his vehicle, continuing the argument. White pulled out a pocketknife saying he "don't want to do it." (Tr. 90.) Smith exited the vehicle in which she had been sitting.

At some point during the argument, Knox struck White in the face. He responded, "Hell no." (Tr. 94.) He then backed up his vehicle, nearly striking Johnson. He moved the vehicle in what Smith considered to be a deliberate attempt to hit Johnson, but Johnson was not hit. It also appeared to Smith that White attempted to hit Knox. White moved his vehicle onto the sidewalk; the vehicle bumped Smith, who fell to the ground. White backed up his vehicle. The vehicle ran over Smith, causing a broken clavicle, a bruised pelvis, and multiple abrasions. White sped away.

---

[1] Ind. Code § 35-42-2-2.

On February 20, 2013, White was brought to trial before a jury on the charge of Criminal Recklessness. He tendered an instruction on the defense of accident which was refused by the trial court. White was convicted as charged and sentenced to 545 days imprisonment, with 180 days suspended. He now appeals.

**Discussion and Decision**

The jury received instructions defining the charged offense of Criminal Recklessness and the requisite mens rea for conviction. The jury was also instructed that, if the State failed to prove an element beyond a reasonable doubt, White must be acquitted. White asserted that he was entitled to have the jury instructed on "accident" and tendered the following instruction:

> If, after consideration of all the evidence, you have a reasonable doubt as to whether or not the conduct was an accident, you must resolve the doubt in favor of the defendant and [bring in a verdict of not guilty] [find criminal intent to be absent]. The State has the burden of disproving accident beyond a reasonable doubt.

(App. 94.) The State argued that the substance of the instruction was adequately covered by other instructions; that is, if the State proved reckless conduct, the State had disproved accidental conduct. The trial court agreed and refused the proffered accident instruction.

We review a trial court's refusal to give a tendered instruction for an abuse of discretion. Springer v. State, 798 N.E.2d 431, 433 (Ind. 2003). We consider whether the instruction correctly states the law, whether there is evidence in the record to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions that are given. Id. Any error in the refusal of a tendered jury instruction is

3

subject to a harmless error analysis; that is, before a defendant is entitled to reversal, he must affirmatively show that the error prejudiced his substantial rights. Snell v. State, 866 N.E.2d 392, 396 (Ind. Ct. App. 2007).

In Springer v. State, 779 N.E.2d 555 (Ind. Ct. App. 2002), trans. granted, adopted in relevant part, a panel of this Court considered whether a defendant charged with Criminal Recklessness had been entitled to an accident instruction. In rejecting the appellant's argument, this Court observed that the proffered instruction had been withdrawn from the pattern instructions because the Indiana Judges Association Criminal Instructions Committee "could not conceive of a situation where the principles incorporated in the accident instruction would not be covered by other instructions which discussed the elements of the crime and the State's burden of proof." Id. at 562. Ultimately, the Court "agree[d] with the trial court and the Committee that the principles established in the accident instruction [were] included in the instructions given defining the elements of the crime." Id. On transfer, the Indiana Supreme Court adopted this Court's reasoning with respect to the issue of whether an accident instruction should have been given. See Springer, 798 N.E.2d at 436 ("[The Court] reasoned that 'were the jury to decide that the shooting was a result of an accident, there is no question that the jury could not find that he was reckless.' We adopt the opinion of the Court of Appeals on this point.").

"The purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." Dill v. State, 741 N.E.2d 1230, 1232 (Ind. 2001). Here, the

jury was instructed on the elements of Criminal Recklessness and the requisite mens rea. The jury was also instructed that the State bore the burden of establishing the elements of the charged offense beyond a reasonable doubt and that failure in the burden of proof would require acquittal. If the State proved recklessness beyond a reasonable doubt, it necessarily negated a claim that the conduct was accidental. Accordingly, the jury was not misled as to the applicable law by the refusal of an additional instruction on accident.

## Conclusion

White has demonstrated no prejudice to his substantial rights in the trial court's refusal to give his tendered instruction on accident.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.